IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT M. KOLVEK, | ) | CASE NO.  5:19-CV-00107-JG |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES GWIN |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LASHANN EPPINGER, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the

Petition of Robert Kolvek ("Kolvek" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2254. Kolvek is in the custody of the Ohio Department of Rehabilitation and Correction pursuant

to journal entry of sentence in the case *State v. Kolvek*, Summit County Court of Common Pleas, Case No.

CR-2015-04-1206-B.[1]  For the following reasons, the undersigned recommends that the Petition be

DISMISSED IN PART AND DENIED IN PART.  As the undersigned recommends dismissing in part and

denying in part Kolvek's Petition, his request for an evidentiary hearing and further briefing (Doc. No. 12

at 1) is DENIED.

## I.      Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state

court, factual determinations made by state courts are presumed correct unless rebutted by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir.

---

[1] Kolvek is also in custody pursuant to journal entries of sentences in Summit County Court of Common
Pleas Case Nos. CR-2010-03-0633-A, CR-2010-06-1617, CR-2010-10-2988-A, and  CR-2015-05-1474-
A.  *See*  https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A681045;  (Doc. No. 5-1, Ex. 4).
Kolvek does not challenge those convictions in the habeas petition before this Court.

1

2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court summarized the facts underlying Kolvek's conviction as follows:

> {¶ 2} In April 2015, Akron police officers found materials and equipment used in the manufacturing of methamphetamine during their search of two houses. After police connected Mr. Kolvek to the locations, the Grand Jury indicted him for illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, and aggravated possession of drugs. A few days later, police arrested Mr. Kolvek after he and a woman attempted to purchase Sudafed from a store. Following his arrest, the Grand Jury indicted him for another count of illegal assembly or possession of chemicals for the manufacture of drugs. The State also charged Mr. Kolvek with violating the terms and conditions of the community control he received upon being released early from prison in three prior cases.

> {¶ 3} The indicted charges were consolidated for trial, and a jury found Mr. Kolvek guilty of the offenses. In light of the jury's verdicts, the trial court found that Mr. Kolvek violated the terms and conditions of his community control. It, therefore, ordered him to serve the remainder of his prison sentences in the prior cases. It also sentenced him to a total of 12 years imprisonment for the new offenses, which it ordered to run consecutively to his prior sentences. Mr. Kolvek has appealed, assigning five errors.

*State v. Kolvek*, 2017-Ohio-9137, 2017 WL 6542894, at *1 (Ohio Ct. App. Dec. 20, 2017).

## II. Procedural History

### A. Trial Court Proceedings

On April 30, 2015, the Summit County Grand Jury indicted Kolvek, as well as Frank McCready and Lisa Morgan, on the following charges: illegal manufacture of drugs in the vicinity of juveniles in violation of O.R.C. § 2925.04(A) (Count One); illegal assembly or possession of chemicals for the manufacture of drugs in violation of O.R.C. § 2925.041(A); and aggravated possession of drugs in violation of O.R.C. § 2925.11(A)(C)(1). (Doc. No. 5-1, Ex. 1.) Kolvek entered pleas of not guilty to all charges. (Doc. No. 5-1, Ex. 2.)

On December 14, 2015, the day of trial, the trial court held a hearing on three motions in limine and two notices of alibi. (Doc. No. 9-1, PageID#565-66.) During this hearing, defense counsel stated

2

Kolvek had not been indicted for conduct occurring at 198 East Archwood, which the State refuted.  (*Id.* at PageID#570.)  The crux of defense counsel's argument was that Kolvek was indicted along with co-defendants McCready and Morgan, who were only connected to activities at 609 Stanley Road, not 198 East Archwood, and therefore Kolvek was not indicted for or charged with crimes that occurred at 198 East Archwood.  (*Id.* at PageID#578-80.)  Defense counsel's motion sought to exclude any evidence related to 198 East Archwood.  (*Id.* at PageID#581.)

The State argued searches of both homes occurred on the same day, within a few hours of each other, and the State was not required to separate the counts by an address.  (*Id.* at PageID#584.)  The State clarified Count One related to 198 East Archwood because of the presence of the named children at that address.  (*Id.*)  Those children were not present at 609 Stanley.  (*Id.*)  The State argued Count Two referred to the evidence in both addresses found on the same day, and there was no requirement the State separate those out by address as it was a "continuing course of conduct" Kolvek committed at both addresses.  (*Id.* at PageID#585.)  At first, the State argued Count Three related to 609 Stanley, then argued it related to 198 East Archwood, then both.  (*Id.* at PageID#586, 588, 635.)

The trial court construed defense counsel's argument as a challenge as to whether the indictment gave proper notice to Kolvek of what he had been charged with when it was framed a certain way.  (*Id.* at PageID#592.)  The State pointed out defense counsel had raised this issue last week, and the State provided the same explanation to defense counsel as it provided the court, so this was not the first time defense counsel heard both addresses were involved in the case.  (*Id.* at PageID#595.)  The trial court asked the State whether all evidence had been provided to the defense regarding both addresses, and the State answered in the affirmative.  (*Id.* at PageID#596-97.)  Defense counsel admitted he had not been to the evidence vault to personally inspect the items stored there.  (*Id.* at PageID#606.)  The trial court determined as follows:

> Based on the Court's understanding now of all the facts and information presented, as I said earlier, I do see a concern on the part of the defense regarding the sufficiency of notice in regard to what actually was being alleged in Count Number 1, but the Court does not believe that the defense has been surprised by any contention on the part of the State that it was going to offer evidence pertaining to activities both on Archwood Avenue and Stanley Road. If it appeared that the defense has received the evidence, that certainly would have allowed the defense to investigate fully the assertions that are now being made by the State. I think what we will get to here is not an issue of the sufficiency of the indictment, but more likely the ability of the State to amend the indictment if necessary to conform to the evidence that the State intends to produce.

> The motion in limine pertaining to the Archwood Avenue address, 198 East Archwood address, is going to be overruled at this time. The defense certainly may make objections as evidence comes in at the -- during the trial, and in fact you will be obligated to make those objections in order to preserve the issues I raised in the motion in limine in the event of a future appeal.

(*Id.* at PageID#609-10.)

The case then proceeded to jury trial that day.  (Doc. No. 5-1, Ex. 3.)  On December 18, 2015, the jury returned its verdict, finding Kolvek guilty of all charges.  (*Id.*)

On January 26, 2016, the state trial court held a sentencing hearing.  (Doc. No. 5-1, Ex. 4.)  The trial court found that Counts One and Three were subject to merger as allied offenses of similar import.  (*Id.*)  The State elected to proceed with sentencing as to Count One, illegal manufacture of drugs.  (*Id.*)  The trial court sentenced Kolvek to a mandatory prison sentence of eight years on Count One and a mandatory prison sentence of two years on Count Two.  (*Id.*)  The sentences were ordered to be served consecutively to each other, for a total of a mandatory 10 years in prison.  (*Id.*)  Additionally, the trial court ordered the sentence to run consecutively to the sentences imposed in case numbers CR-2010-03-0633-A, CR-2010-06-1617, CR-2010-10-2988-A, and CR-2015-05-1474.  (*Id.*)

## B.    Direct Appeal

Kolvek, through new counsel, filed a timely notice of appeal to the Ninth District Court of Appeals.  (Doc. No. 5-1, Ex. 5.)  In his appellate brief, he raised the following assignments of error:

4

I.      Mr. Kolvek's indictment in CR 2015-04-1206(B) violated his rights under the U.S. Constitution because it was duplicitous, meriting reversal. (T., passim.)

II.     Mr. Kolvek's sentence is invalid because the trial court sentenced him for allied offenses of similar import, meriting remand for a new sentencing hearing. (Sent. T., passim.)

III.    Mr. Kolvek's due process rights were abrogated by the improper joinder of the April 2015 and May 2015 indictments for trial, meriting reversal. (T., passim)

IV.     The trial court announced a different sentence in its Journal Entries [sic] Mr. Kolvek's 2010 cases than it did during his sentencing hearing, violating his right to due process and mandating reversal for a new sentencing hearing. (Sent. T., 14.)

V.      The trial court committed plain error by imposing a vague restitution order upon Mr. Kolvek without previously holding a hearing, requiring remand for resentencing. (January 29, 2016, Journal Entries 2015 Cases.)

(Doc. No. 5-1, Ex. 7.)  The State filed a brief in response, to which Kolvek replied.  (Doc. No. 5-1, Ex. 8, 9.)  On December 20, 2017, the state appellate court affirmed Kolvek's convictions.  (Doc. No. 5-1, Ex. 10.)  *See also State v. Kolvek*, 2017-Ohio-9137, 2017 WL 6542894, at *1.

On January 2, 2018, Kolvek, through counsel, filed a motion for reconsideration regarding his fourth assignment of error.  (Doc. No. 5-1, Ex. 11.)  Kolvek, *pro se*, filed a supplement to counsel's motion for reconsideration raising additional asserted errors.  (Doc. No. 5-1, Ex. 12.)

On April 17, 2018, the state appellate court allowed Kolvek to supplement his motion for reconsideration and then denied his motion for reconsideration.  (Doc. No. 5-1, Ex. 13.)

Kolvek, *pro se*, filed a motion for *en banc* consideration.  (Doc. No. 5-1, Ex. 14.)  On June 20, 2018, the state appellate court denied Kolvek's motion for *en banc* consideration.  (Doc. No. 5-1, Ex. 15.)

On July 26, 2018, Kolvek, proceeding *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 5-1, Ex. 16.)  In his Memorandum in Support of Jurisdiction, Kolvek raised the following Propositions of Law:

I.      WHERE AN OBJECTION IS LODGED TO A DUPLICITOUS INDICTMENT THAT IMPLICITLY INCLUDES CONDUCT FROM TWO DISTINCT

5

ALLEGED OFFENSES, FOLLOWING AN UNFULFILLED REQUEST FOR A BILL OF PARTICULARS, PROPER NOTICE IS NOT MADE, VIOLATING DUE PROCESS OF LAW, DOUBLE JEOPARDY AND A PLAIN ERROR REVIEW IS WARRANTED UPON DIRECT APPEAL, NOTWITHSTANDING THE FAILURE OF TRIAL COUNSEL TO SUGGEST REMEDIES TO THE TRIAL COURT WITH HIS OBJECTIONS.

II. MR. KOLVEK'S FIFTH AMENDMENT CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY WAS VIOLATED WHEN HE WAS GIVEN CUMULATIVE PUNISHMENTS FOR THE SAME OFFENSE AS PROTECTED THROUGH OHIO'S ALLIED OFFENSE STATUTE O.R.C. 2941.25.

III. THE TRIAL COURT VIOLATED MR. KOLVEK'S DUE PROCESS RIGHT TO BE FREE FROM MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE WHEN IT INCREASED KOLVEK'S SENTENCES FOR HIS 2010 CASES UPON A VIOLATION OF HIS JUDICIAL RELEASE.

IV. THE APPELLATE COURT ERRED, VIOLATING MR. KOLVEK'S DUE PROCESS RIGHTS BY NOT GRANTING HIS MOTION FOR RECONSIDERATION AFTER KOLVEK POINTED OUT SIGNIFICANT AND OBVIOUS ISSUES IN THEIR OPINION DATED DEC. 20, 2017.

V. THE APPELLATE COURT FAILED TO CORRECT AN INTRADISTRICT CONFLICT WHEN IT DENIED MR. KOLVEK'S EN BANC APPLICATION, VIOLATING HIS DUE PROCESS RIGHTS BY NOT FOLLOWING THE COURTS OWN RULE OF LAW AS DETERMINED IN STATE V. WARD 2011- OHIO-518, REGARDING A DUPLICITOUS INDICTMENT.

(Doc. No. 5-1, Ex. 17.) The State did not file a response.

On September 1, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4). (Doc. No. 5-1, Ex. 18.)

**C. Post-Conviction Filings**

On June 2, 2017, while his direct appeal was pending, Kolvek, *pro se*, filed a petition to vacate or set aside judgment of conviction or sentence with the trial court. (Doc. No. 5-1, Ex. 19.) In his petition, Kolvek raised the following claim:

I. Petitioner was denied his Sixth Amendment right to the effective assistance of trial counsel. Trial counsel made a multitude of evidentiary and procedural errors. The totality of which violated Petitioner's constitutional rights.

6

(*Id.*)  On June 7, 2017, the State moved to dismiss the petition.  (Doc. No. 5-1, Ex. 20.)  On April 5, 2018, the trial court dismissed Kolvek's petition.  (Doc. No. 5-1, Ex. 21.)

Kolvek did not appeal the trial court's April 5, 2018 decision.

**D.    Application to Reopen Appeal under Ohio App. R. 26(B)**

On March 13, 2018, Kolvek filed a *pro se* Application to Reopen Appeal Pursuant to Ohio App. R. 26(B).  (Doc. No. 5-1, Ex. 22.)  Kolvek's Application raised the following proposed assignments of error and asserted appellate counsel was ineffective for failing to raise them on direct appeal:

> I.    APPELLANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTION FOR ILLEGAL MANUFACTURE OF DRUGS.
>
> II.    THE INDICTMENT IN CASE NUMBER 2015-04-1206(b) FAILS TO PROTECT THIS APPELLANT AGAINST DOUBLE JEOPARDY AS GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS, AND IS THEREFORE INSUFFICIENT AND DEFECTIVE.
>
> III.    APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND TO GRAND JURY NOTICE AS GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION WAS VIOLATED WITH THE TRIAL COURT PERMITTING THE AMENDMENT OF EACH COUNT OF THE INDICTMENT IN CASE NUMBER 2015-04-1206(B).

(*Id.*)  The State did not file a brief in opposition.

On June 19, 2018, the state appellate court denied Kolvek's motion to reopen his appeal.  (Doc. No. 5-1, Ex. 23.)

On August 1, 2018, Kolvek, *pro se*, timely filed a notice of appeal to the Supreme Court of Ohio. (Doc. No. 5-1, Ex. 24.) In his memorandum in support of jurisdiction, Kolvek raised the following propositions of law:

> I.    Appellate Counsel Failed To Assign As Error That Mr. Kolvek's Due Process Rights Were Violated Where there was Insufficient Evidence To Sustain The Conviction For Illegal Manufacture Of Drugs O.R.C. 2925.04(A).
>
> II.    Appellate Counsel was Ineffective In Violation Of Mr. Kolvek's Sixth Amendment Rights When Counsel Did Not Assign As Error That The

Indictment in Case No. 2015-04-1206(B) Failed To Protect Him From Double Jeopardy As Guaranteed By The State and the U.S. Constitutions.

III.    Appellate Counsel Violated Mr. Kolvek's Sixth Amendment Right To Effective Assistance When She Failed To Assign As Error A Claim That His Due Process Rights And His Right To Grand Jury Notice As Guaranteed By The Fifth Amendment To The U.S. Constitution Was Violated When The Trial Court Permitted The Constructive Amendment Of Each Count Of The Indictment [sic] Case No. 2015-04-1206(B).

(Doc. No. 5-1, Ex. 25.)  The State filed a memorandum opposing jurisdiction.  (Doc. No. 5-1, Ex. 26.)

On October 10, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).  (Doc. No. 5-1, Ex. 27.)

## E.    Federal Habeas Petition

On January 4, 2019,[2] Kolvek filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

**GROUND ONE**:  MR. KOLVEK STATES THAT HIS U.S. CONSTITUTIONAL RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS WERE VIOLATED WHEN HE WAS PROSECUTED BY THE STATE OF OHIO WITH THE USE OF A DUPLICITOUS INDICTMENT.

**GROUND TWO**:  MR. KOLVEK WAS DENIED DUE PROCESS OF LAW BY THE NINTH DISTRICT COURT OF APPEALS WHEN THEY DENIED HIS APPELLATE RULE 26(A), MOTION FOR RECONSIDERATION.

**GROUND THREE**:  THE NINTH DISTRICT COURT OF APPEALS VIOLATED MR. KOLVEK'S DUE PROCESS RIGHTS WHEN THE COURT FAILED TO CORRECT AN INTRADISTRICT CONFLICT THAT WAS BROUGHT TO THEIR ATTENTION IN MR. KOLVEK'S *EN BANC* APPLICATION.

**GROUND FOUR**:  MR. KOLVEK'S FIFTH AMENDMENT CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY WAS VIOLATED WHEN HE WAS GIVEN CUMULATIVE PUNISHMENTS FOR THE SAME OFFENSE, AS PROTECTED THROUGH OHIO'S ALLIED OFFENSE STATUTE O.R.C. 2941.25.

---

[2]  Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until January 15, 2019, Kolvek states that he placed it in the prison mailing system on January 4, 2019.  (Doc. No. 1 at 31.)  Thus, the Court will consider the Petition as filed on January 4, 2019.

**GROUND FIVE**:  APPELLATE COUNSEL VIOLATED MR. KOLVEK'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN SHE FAILED TO ASSIGN AS ERROR, IN KOLVEK'S DIRECT APPEAL, THAT THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO SUSTAIN THE CONVICTION FOR AN UNINDICTED COUNT OF A VIOLATION OR O.R.C. 2925.04(A) ILLEGAL MANUFACTURE OF DRUGS.

**GROUND SIX**:  MR. KOLVEK'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, DURING HIS DIRECT APPEAL, WAS VIOLATED WHEN HIS APPELLATE COUNSEL FAILED TO RAISE THE CONSTRUCTIVE AMENDMENT OF HIS INDICTMENT ISSUE AS AN ERROR IN HIS DIRECT APPEAL.

**GROUND SEVEN**:  APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN VIOLATION OF MR. KOLVEK'S SIXTH AMENDMENT RIGHTS WHEN COUNSEL DID NOT ASSIGN AS ERROR IN HIS DIRECT APPEAL THAT THE INDICTMENT IN CASE NO. 2015-04-1206(B) FAILED TO PROTECT HIM FROM DOUBLE JEOPARDY AS GUARANTEED BY THE U.S. CONSTITUTION.

(Doc. No. 1.)

On March 8, 2019, Warden LaShann Eppinger ("Respondent") filed the Return of Writ.  (Doc. No. 5.)  Kolvek filed a Traverse on May 8, 2019.  (Doc. No. 12.)  Kolvek withdrew Grounds Two and Three in his Traverse.  (Doc. No. 12 at 29.)

### III. Non-Cognizability

#### A.     Ground One

Respondent argued that the portion of Ground One asserting "'the use of a duplicitous indictment' deprived him of his right to a unanimous jury verdict" is non-cognizable on habeas review as "[t]here is no federal constitutional right to a unanimous verdict in a state criminal trial."  (Doc. No. 5 at 9.) However, after the parties completed briefing in this case, the Supreme Court issued its decision in *Ramos v. Louisiana*, 140 S.Ct. 1390, 1397 (U.S. 2020), *abrogating Apodaca v. Oregon*, 406 U.S. 404 (1972) and *Johnson v. Louisiana*, 406 U.S. 356 (1972), finding the Sixth Amendment requires a unanimous verdict to convict a defendant of a serious offense.  *See also Lay v. McCain*, Civil Action No. 19-9803, 2020 WL

4284348 (E.D. La. July 27, 2020).  The Supreme Court also recently granted *certiorari* to determine whether *Ramos* applies retroactively on federal collateral review.  *Edwards v. Vannoy*, 2020 WL 2105209 (May 4, 2020).  Therefore, at this juncture, the Court is not willing to dismiss this portion of Kolvek's claim as non-cognizable on habeas review, particularly because this claim is procedurally defaulted for the reasons set forth below.

**B.    Ground Four**

In Ground Four, Kolvek asserts his Fifth Amendment right against double jeopardy was violated "when he was given cumulative punishments for the same offense, as protected through Ohio's allied offense statute O.R.C. 2941.25."  (Doc. No. 1 at 19.)  Respondent argues Kolvek's fourth ground for relief is non-cognizable on habeas review because "it involves the application of state statutes, state procedural rules, and Ohio case law."  (Doc. No. 5 at 11.)  Kolvek argues his claim is cognizable on habeas review, as the Supreme Court of Ohio "has recognized O.R.C. 2941.25 as interwoven with a defendants [sic] Fifth Amendment double jeopardy protection" in *State v. Johnson*, 2010-Ohio-6314, 942 N.E.2d 1061 (Ohio 2010).  (Doc. No. 12 at 30.)  In addition, Kolvek claims this Court "has ruled: 'This Court agrees with the Petitioner that the allied offense argument he raised in the state court is the substantial equivalent of his current double jeopardy claim.' McKitrick v. Jefferies, 2006 U.S. Dist. LEXIS 29472."  (*Id.*)

When the Ohio court "discerned the Ohio legislature's intent by applying Ohio's allied offenses statute, there can be no doubt that its decision falls outside § 2254(d)(1)'s narrow exceptions to the bar on federal habeas relief . . . ."  *Jackson v. Smith*, 745 F.3d 206, 214-15 (6th Cir. 2014).  In contrast, "if the state court 'had said that legislative intent is irrelevant to the double jeopardy analysis, or that although the [Ohio] legislature clearly had not intended for the two crimes to be punished cumulatively, the consecutive sentences imposed on [Jackson] were nonetheless acceptable despite the Double Jeopardy Clause[,]" "such statements would be plainly 'contrary to' clearly established federal law that says the

10

legislature's intent controls." *Id.* at 214.  Habeas relief is not available where the state court "incorrectly applied Ohio's allied offenses statute to determine the legislature's intent." *Id.*

The state appellate court addressed Kolvek's allied offenses argument as follows:

> {¶ 10} Mr. Kolvek next argues that the trial court incorrectly failed to merge all of the charges arising out of the searches of the houses on Archwood Avenue and Stanley Road for sentencing purposes. At sentencing, the State conceded that the aggravated-possession-of-drugs count should merge with the other counts. It argued that, because illegal manufacturing only occurred at the Archwood Avenue house, but illegal assembling was alleged to have occurred at both addresses, the conduct that supported the illegal-assembly count was distinct from the illegal-manufacturing count and should not merge. In response to the State's argument, Mr. Kolvek agreed that the aggravated-possession count should merge with the other offenses. Upon review, the trial court merged the aggravated-possession count with the illegal-manufacturing count, but sentenced Mr. Kolvek separately for the illegal-assembly count.

> {¶ 11} Revised Code Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11, 999 N.E.2d 661. It provides:

>> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

>> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

> R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

>> Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were

11

committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at paragraph three of the syllabus. It also explained that offenses are of dissimilar import under Section 2941.25(B) if they involved "separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶ 12} Mr. Kolvek concedes that, because he did not argue that the illegal-assembly count that arose out of the search of the two houses should merge with the illegal-manufacturing count that arose out of the search of the Archwood Avenue house, he is limited to arguing plain error on appeal. Under a plain error review, any mistake by the trial court regarding allied offenses "is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3, 38 N.E.3d 860. Mr. Kolvek "has the burden to demonstrate a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]" *Id. But see State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 67, 75 N.E.3d 1185 (explaining that, to constitute plain error, "[t]he alleged error must have 'substantially affected the outcome of the trial,' such that 'but for the error, the outcome of the trial clearly would have been otherwise[.]' "), quoting *State v. Slagle*, 65 Ohio St.3d 597, 605, 605 (N.E.2d 916 1992); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

{¶ 13} Mr. Kolvek argues that, because the illegal-assembly count encompassed the activities that occurred at both addresses, it is impossible to know whether the jury found him guilty of illegal assembly for the same conduct that supported the illegal-manufacturing count or because of the conduct that was alleged to have occurred at the Stanley Road house. Because it cannot be determined from the record which evidence the jury relied on, he argues that there is a reasonable probability that the jury found that the offenses were committed with the same conduct and same animus.

{¶ 14} In his brief, Mr. Kolvek notes that police found material and apparatus used in the manufacturing of methamphetamine at the Stanley Road house, including empty blister packs and boxes of Sudafed cold medication, empty solvent cans, tubing, a funnel, white plastic containers, naphta, and batteries that had been opened and stripped of their lithium. He has not argued that there was insufficient evidence to find him guilty of committing illegal assembly or possession of chemicals for the manufacture of drugs in connection with the Stanley Road house. He also does not challenge the proposition that, if the jury found that such activity occurred at the Stanley Road house, it would constitute separate conduct under Section

12

> 2941.25(B) from the illegal activity that occurred at the Archwood Avenue house.
>
> {¶ 15} Because the evidence supports a finding that Mr. Kolvek committed illegal assembly at the Stanley Road house, we cannot say that there is a "reasonable probability" that his convictions for counts one and two were committed with the same conduct and without a separate animus. *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 3, 38 N.E.3d 860. Mr. Kolvek, therefore, has failed to establish that it was plain error for the trial court to sentence him for both offenses or that reversal of his sentence is necessary to correct a manifest miscarriage of justice. Mr. Kolvek's second assignment of error is overruled.

*State v. Kolvek*, 2017-Ohio-9137, 2017 WL 6542894, at **2-4.

Here, the state appellate court identified O.R.C. § 2941.25 as "'the primary indication of the General Assembly's intent,'" identified the test set forth by the Supreme Court of Ohio for interpreting O.R.C. § 2941.25, and analyzed the facts presented by Kolvek's case pursuant to that statute (albeit under the plain error standard). Any error the state appellate court made in applying O.R.C. § 2941.25 is not cognizable on habeas review. *Jackson*, 745 F.3d at 214.

### IV. Exhaustion and Procedural Default

**A.      Legal Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim

by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.; see also Maupin v. Smith*, 785F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[3]  *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.")  This second type of procedural default is often confused with exhaustion.  Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id*.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id.*  Thus, if an Ohio

---

[3] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.  *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.*  Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied.  *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v.LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that

15

the outcome of the trial would have been different.  *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice."  *See Coleman v. Thompson*, 501 U.S.722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  *See also Jones v. Bradshaw*, 489 F. Supp. 2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012).

## B.    Application to Petitioner

### 1.    Ground One

Respondent argues Ground One is procedurally defaulted, as on direct review the state court of appeals "held that Kolvek defaulted his claims by failing to ask the trial court to sever the charges or request a unanimity instruction and compounded that default by failing to develop an argument regarding plain error in his brief on direct review."  (Doc. No. 5 at 19.)  Kolvek responds by making the unsupported statement that "It does not appear from the state court's opinions in <u>Ward</u>, Id, [sic] <u>Jackson Jr.</u>, Id [sic] and Kolvek's opinion from the Ninth District Court of Appeals(Ex.10) [sic] that their decision rests on independent and adequate state grounds."  (Doc. No. 12 at 5.)  Kolvek also argues the State "hasnever [sic] argued a procedural default in their [sic] briefs to the state courts," and as such, Respondent's procedural default argument is waived.  (*Id.* at 28.)

The record reflects Kolvek raised a claim that the indictment was duplicitous to both the state appellate court and the Supreme Court of Ohio.  (Doc. No. 5-1, Ex. 7, 17.)  The state appellate court addressed the claim as follows:

16

{¶ 4} Mr. Kolvek argues that the indictment that arose out of the search of the two houses did not adequately inform him about what he would have to defend against at trial. He notes that one of the searches occurred on Archwood Avenue and the other on Stanley Road. The first count of the indictment, however, only accused him of manufacturing methamphetamine in the presence of the children that live at the Archwood Avenue house. He, therefore, thought that all of the counts arose out of the search of the Archwood Avenue house. According to Mr. Kolvek, he did not learn that the State was also accusing him of committing offenses at the Stanley Road house until trial was imminent.

{¶ 5} "An indictment meets constitutional requirements if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *State v. Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, ¶ 13, 980 N.E.2d 1032, quoting *State v. Childs*, 88 Ohio St.3d 558, 565, 728 N.E.2d 379 (2000); *see* Crim. R.7(B). In addition, under Revised Code Section 2941.03(D), an indictment must indicate that the offense "was committed at some place within the jurisdiction of the court[.]" An indictment is not "required to list the precise actions which constitute an offense." *State v. Brust*, 4th Dist. Pike No. 95CA551, 1995 WL 716755, *6, 1995 Ohio App. LEXIS 5681, *18 (Nov. 20, 1995) (concluding that indictment that included the county of the offense was not defective for failing to include a place of occurrence).

{¶ 6} Mr. Kolvek has not alleged that the indictment failed to contain the elements of each offense or that he is not protected from future prosecution for the same offenses. Each count indicated that it occurred with Summit County, satisfying Section 2941.03(D). Accordingly, upon review of the record, we reject Mr. Kolvek's argument that the indictment was defective because it did not indicate that the alleged offenses arose out of the searches of both houses.

{¶ 7} Mr. Kolvek also argues that the indictment was impermissibly duplicitous because it charged multiple acts in the same count. According to Mr. Kolvek, because the charges accused him of committing offenses at both the Stanley Road house and, separately, at the Archwood Avenue house, the jury became confused about what evidence it could consider for each charge.

{¶ 8} "Duplicity in an indictment is the joinder of two or more separate offenses in a single count." *State v. Abuhilwa*, 9th Dist. Summit No. 16787, 1995 WL 134746, *5, 1995 Ohio App. LEXIS 1260, *14 (Mar. 29, 1995). "The prohibition against duplicity is geared to protect the accused's Sixth Amendment right to notice of the nature of the charge against him and prevent confusion as to the basis of the verdict." *State v. Smith*, 9th Dist.

Summit No. 8869, 1978 WL 215411, 1978 Ohio App. LEXIS 8415 (Oct. 4, 1978); *see generally Cooksey v. State*, 359 Md. 1, 752 A.2d 606, 609–618 (Md.App.2000). The fact that an indictment is duplicitous, however, does not compel its dismissal. R.C. 2941.28(B). "Instead, the trial court may sever the indictment into separate indictments or separate counts." *State v. Ward*, 9th Dist. Lorain No. 09CA009720, 2011-Ohio-518, ¶ 5. Alternatively, the court may give an instruction on unanimity to the jury. *State v. Johnson*, 46 Ohio St.3d 96, 104–105, 545 N.E.2d 636 (1989); *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922, 2012-Ohio-1263, ¶ 26.

{¶ 9} At trial, Mr. Kolvek moved to dismiss the indictment because it included offenses allegedly committed at two different locations under the same charge. When the court denied his motion, Mr. Kolvek did not request that the court sever the charge into two separate counts or request an instruction on unanimity. Severing the charge or including a unanimity instruction would have prevented juror confusion about what evidence it could consider for each offense and would have avoided the possibility that the jury's verdict would not be unanimous. *See* Crim.R. 31(A). Although Mr. Kolvek has not forfeited plain error regarding the court's failure to sever the charges or its failure to provide a unanimity instruction, he has not developed an argument in his brief that the trial court committed plain error when it failed to sever the charges or instruct the jury on unanimity. We decline to construct a plain error argument regarding those severance and jury-instruction issues on Mr. Kolvek's behalf. Mr. Kolvek's first assignment of error is overruled.

*State v. Kolvek*, 2017-Ohio-9137, 2017 WL 6542894, at **1-2 (internal footnote omitted).

Kolvek, through appellate counsel, stated trial counsel "did object, repeatedly, that the indictment in the April 2015 case didn't adequately inform Kolvek or his counsel that they would have to defend against allegations regarding Archwood Avenue," but conceded that "because no request for a Bill of Particulars was ever filed and no explicit objection to the indictment's duplicity was ever made in this case, Kolvek must ask the Court to notice plain error concerning this assignment." (Doc. No. 5-1, Ex. 7 at PageID#128-29.)  The state appellate court relied on the failure to request severance or an instruction on unanimity in determining plain error review applied.  It then determined that while Kolvek had not forfeited plain error review, Kolvek had failed to construct a plain error argument regarding the severance

and jury instruction issues, another procedural bar.[4]  Accordingly, the first three elements of *Maupin* test are satisfied as Kolvek failed to comply with the state's procedural rules, the state appellate court actually enforced the rules, and the rule constitute "independent and adequate" state grounds on which the state can foreclose federal review.  As such, and in the absence of any meaningful opposition on this issue,[5] the Court finds Ground One of the instant Petition is procedurally defaulted.

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren*, 440 F.3d at 763 (citing *Wainwright*, 433 U.S. at 87.)  As noted above, "[d]emonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin*, 434 F.3d at 417 (6th Cir. 2006) (quoting *Murray*, 477 U.S. at 488).  Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different.  *See Mason*, 320 F.3d at 629.  Here, Kolvek has neither presented any cause for his default nor has he alleged ensuing prejudice or a manifest miscarriage of justice.[6]  In addition, Kolvek has not come forward with any new, reliable evidence to support a credible claim of actual innocence.

---

[4] To the extent the state appellate court relied on Ohio App.R. 16(A)(7) in making this determination, "courts in this district have concluded that Ohio App. R. 16(A)(7) is an adequate and independent ground of decision."  *Campbell v. Bunting*, No. 1:14CV1187, 2015 WL 4984871, at *2 (N.D. Ohio Aug. 19, 2015) (collecting cases).

[5] With respect to Kolvek's waiver argument, the State could not argue procedural default, as that term applies in federal habeas review, in state court.  Furthermore, the State did not need to argue only plain error applied below when Kolvek's counsel conceded plain error review applied.

[6] The Court notes ineffective assistance of counsel may serve as cause to excuse the procedural default of a claim if it rises to the level of a constitutional violation, but only if the underlying claim of ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim).  *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (finding unless the state prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim).  While Kolvek filed a 26(B) application, he did not raise appellate counsel's failure to present a plain error argument to the state appellate court on this claim as grounds for ineffective assistance of counsel.  (Doc. No. 5-1, Ex. 22.)  Thus, even if Kolvek had argued the ineffective assistance of appellate

Accordingly, and for all the reasons set forth above, it is recommended Ground One be dismissed as procedurally defaulted.

### 2.    Ground Four

Respondent argues Kolvek procedurally defaulted this claim "by failing to object to the alleged error and by failing to raise the claim at the first available opportunity."  (Doc. No. 5 at 23.)

Kolvek responds that the State waived procedural default, citing *McKitrick v. Jefferies*, Case No. 3:05 CV 637, 2006 U.S. Dist. LEXIS 29472, at *17 (N.D. Ohio May 10, 2006), and "[r]egardless, Kolvek's trial counsel didn't agree with the state and thereby foreclose review of this Ground for relief." (Doc. No. 12 at 31.)  In addition, Kolvek argues "no trial court is bound by any agreement between the defendant and the state as to merger of offenses for sentencing, as reflected in the transcript of Mr. Kolvek's sentencing hearing."  (*Id.*)

The record reflects Kolvek raised a claim that the indictment was duplicitous to both the state appellate court and the Supreme Court of Ohio.  (Doc. No. 5-1, Ex. 7, 17.)  The state appellate court addressed the claim as follows:

> {¶ 10} Mr. Kolvek next argues that the trial court incorrectly failed to merge all of the charges arising out of the searches of the houses on Archwood Avenue and Stanley Road for sentencing purposes. At sentencing, the State conceded that the aggravated-possession-of-drugs count should merge with the other counts. It argued that, because illegal manufacturing only occurred at the Archwood Avenue house, but illegal assembling was alleged to have occurred at both addresses, the conduct that supported the illegal-assembly count was distinct from the illegal-manufacturing count and should not merge. In response to the State's argument, Mr. Kolvek agreed that the aggravated-possession count should merge with the other offenses. Upon review, the trial court merged the aggravated-possession count with the illegal-manufacturing count, but sentenced Mr. Kolvek separately for the illegal-assembly count.
>
> {¶ 11} Revised Code Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two

---

counsel was cause to excuse the default of this claim, such an argument would be without merit because any underlying ineffective assistance of counsel claim is itself defaulted.

or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11, 999 N.E.2d 661. It provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

> Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at paragraph three of the syllabus. It also explained that offenses are of dissimilar import under Section 2941.25(B) if they involved "separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶ 12} Mr. Kolvek concedes that, because he did not argue that the illegal-assembly count that arose out of the search of the two houses should merge with the illegal-manufacturing count that arose out of the search of the Archwood Avenue house, he is limited to arguing plain error on appeal. Under a plain error review, any mistake by the trial court regarding allied offenses "is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3, 38 N.E.3d 860. Mr. Kolvek "has the burden to demonstrate a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]" *Id. But see State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 67, 75 N.E.3d 1185 (explaining that, to constitute plain error, "[t]he alleged error must have 'substantially affected the outcome of the trial,' such that 'but for the error, the outcome of the trial clearly would have been otherwise[.]' "),

quoting *State v. Slagle*, 65 Ohio St.3d 597, 605, 605 (N.E.2d 916 1992); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

{¶ 13} Mr. Kolvek argues that, because the illegal-assembly count encompassed the activities that occurred at both addresses, it is impossible to know whether the jury found him guilty of illegal assembly for the same conduct that supported the illegal-manufacturing count or because of the conduct that was alleged to have occurred at the Stanley Road house. Because it cannot be determined from the record which evidence the jury relied on, he argues that there is a reasonable probability that the jury found that the offenses were committed with the same conduct and same animus.

{¶ 14} In his brief, Mr. Kolvek notes that police found material and apparatus used in the manufacturing of methamphetamine at the Stanley Road house, including empty blister packs and boxes of Sudafed cold medication, empty solvent cans, tubing, a funnel, white plastic containers, naphta, and batteries that had been opened and stripped of their lithium. He has not argued that there was insufficient evidence to find him guilty of committing illegal assembly or possession of chemicals for the manufacture of drugs in connection with the Stanley Road house. He also does not challenge the proposition that, if the jury found that such activity occurred at the Stanley Road house, it would constitute separate conduct under Section 2941.25(B) from the illegal activity that occurred at the Archwood Avenue house.

{¶ 15} Because the evidence supports a finding that Mr. Kolvek committed illegal assembly at the Stanley Road house, we cannot say that there is a "reasonable probability" that his convictions for counts one and two were committed with the same conduct and without a separate animus. *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 3, 38 N.E.3d 860. Mr. Kolvek, therefore, has failed to establish that it was plain error for the trial court to sentence him for both offenses or that reversal of his sentence is necessary to correct a manifest miscarriage of justice. Mr. Kolvek's second assignment of error is overruled.

*State v. Kolvek*, 2017-Ohio-9137, 2017 WL 6542894, at **2-4.

In Ohio, a petitioner waives an alleged error when he fails to make a contemporaneous objection. *Osborne v. Ohio*, 495 U.S. 103, 124, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (recognizing Ohio's long-standing contemporaneous objection rule). The Sixth Circuit has held that Ohio's "contemporaneous objection rule is an adequate and independent state ground barring federal habeas review, *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir.2005), and that plain-error review is not inconsistent with the procedural

default." *Awkal v. Mitchell*, 613 F.3d 629, 648–649 (6th Cir. 2010) (citing *Lundgren*, 440 F.3d at 765);

*Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). "The state court's plain error review did not

constitute a waiver of the procedural default." *Mason v. Brunsman*, 483 F. App'x 122, 130-31 (6th Cir.

2012). *See also Shafer v. Wilson*, 364 F. App'x 940, 945 (6th Cir. 2010) (finding the State of Ohio

expressly enforced its contemporaneous objection rule where "the last state court to render a reasoned

opinion in this case, the Ohio Court of Appeals on direct appeal, noted the failure to object, applied plain-

error review, and denied [appellant's] claims for relief.")

When the trial court asked defense counsel if we wished to address the issue of merger, defense

counsel responded as follows:

> **MR. WILLIAMS:**    Your Honor, we would agree with the merger. We
> also would waive -- I mean, ask that the Court preserve any rights, because,
> as you know during the trial, we raised several issues about the indictment,
> especially the second case where the State indicated that it could try Mr.
> Kolvek on two separate addresses, notwithstanding what the text of the
> indictment said. So I wish to make sure that any rights that Mr. Kolvek has
> on merger and on that are preserved, but we would concur with what Mr. --
> what the prosecutor said on the other merger and that he is going to be just
> sentenced on the one count and the aggravated possession of drugs he's not
> going to be sentenced.

(Doc. No. 11 at PageID#1569.)

Kolvek, through appellate counsel, conceded that "since Kolvek's trial counsel did not raise the

issue of allied offenses of similar import regarding Count 2 of the April 2015 case, Kolvek must ask the

Court to notice plain error."  (Doc. No. 5-1, Ex. 7 at PageID#132.)  While Kolvek appears to challenge the

state appellate court's determination that he had waived all but plain error review (Doc. No. 12 at 31),  a

state court's interpretation of state law binds a federal court sitting in habeas corpus.  *See Bradshaw v.

Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68,

112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

With respect to Kolvek's waiver argument, the State could not argue procedural default, as that term applies in federal habeas review, in state court.  Furthermore, the State did not need to argue only plain error applied below when Kolvek's counsel conceded plain error review applied.

Accordingly, the first three elements of *Maupin* test are satisfied as Kolvek failed to comply with the contemporaneous objection rule, the state appellate court actually enforced the rule, and the rule constitutes an "independent and adequate" state ground on which the state can foreclose federal review. Therefore, Ground Four is procedurally barred unless Kolvek "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  A habeas petitioner must "show that some objective factor external to the defense" caused his failure to comply with the state's procedural rule, *Murray*, 477 U.S. at 488, and if the petitioner fails to do so, the Court need not consider the prejudice prong.  *Smith v. Murray*, 477 U.S. 527, 533–34 (1986).

### a.  Cause and Prejudice

The Sixth Circuit has held that cause to excuse the procedural default of a habeas claim may exist if a petitioner's appellate counsel was ineffective in failing to raise the issue.  *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004); *Smith v. Ohio, Dept. of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Berry v. Warden, Southern Ohio Corr. Facility*, 3:14CV2518, 2016 WL 4177174, at *3 (N.D. Ohio Aug. 8, 2016).  However, the underlying claim of ineffective assistance of counsel must in and of itself not be in default.  *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (finding unless the state prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim).

24

While Kolvek filed a 26(B) application, he did not raise any error by appellate counsel in presenting this merger argument as grounds for ineffective assistance of counsel.  (Doc. No. 5-1, Ex. 22.) The record contains no evidence that there is cause and prejudice to excuse the procedural default of this ineffective assistance of appellate counsel claim.  As a result, ineffective assistance of appellate counsel cannot serve as cause to excuse the procedural default of Ground Four.  As Kolvek fails to show cause, the Court need not consider the prejudice prong. *Smith v. Murray*, 477 U.S. at 533–34.

### b. Actual Innocence

As noted above, a petitioner's procedural default may be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749–50.  In order to establish actual innocence, a habeas petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. *See also Jones*, 489 F. Supp. 2d at 807; *Allen*, 2012 WL 3711552, at *7.  A petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 327.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 316.

Here, Kolvek does not assert he is actually innocent.  (Doc. No. 1; Doc. No. 12.)  Nor does he present any new, reliable evidence of his innocence.  Therefore, the Court finds Kolvek has failed to demonstrate the procedural default of Ground Four should be excused on the basis of actual innocence.

25

Therefore, in addition to being dismissed as non-cognizable, Ground Four should also be dismissed as procedurally defaulted.

## V. Review on the Merits

### A.    Legal Standard

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court.  *See Parker v. Matthews*, 567 U.S. 37, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Shimel v. Warren,* 838 F.3d 685, 695 (6th Cir. 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.2005).  Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court."  *Parker*, 567 U.S. at 48-49; *Howes v. Walker*, 567 U.S. 901, 132 S.Ct. 2741, 183 L.Ed.2d 612 (2012).  *See also Lopez v.Smith*, ⸺ U.S. ⸺, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a

specific legal rule that this Court has not announced.' " (quoting *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013))).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  *See also Shimel*, 838 F.3d at 695.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA.  *Id.* at 786 (internal quotation marks omitted).  The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785.  The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice

systems" and does not function as a "substitute for ordinary error correction through appeal." *Id.* (internal quotation marks omitted).  Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.  This is a very high standard, which the Supreme Court readily acknowledged.  *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

### 1.    Grounds Five through Seven – Ineffective Assistance of Appellate Counsel

In Ground Five, Kolvek argues he received ineffective assistance of appellate counsel when she "failed to assign as error, in Kolvek's direct appeal, that there was insufficient evidence presented at trial to sustain the conviction for an unindicted count of a violation of O.R.C. 2925.04(A) illegal manufacture of drugs."  (Doc. No. 1 at 21.)  In Ground Six, Kolvek argues he received ineffective assistance of appellate counsel when she failed to raise constructive amendment of the indictment as error in his direct appeal.  (*Id.* at 22.)  In Ground Seven, Kolvek argues he received ineffective assistance of appellate counsel when she did not assign as error that the indictment failed to protect him from double jeopardy as guaranteed by the United States Constitution.  (*Id.* at 25.)

In order to establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution.  *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair.  *Id.*  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  In other words, a counsel's deficient performance must have "caused the defendant

28

to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy.  *Id.* at 689.  *See also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

As explained by the United States Supreme Court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Harrington*, 562 U.S. at105.  *See also Kennedy v. Warren*, 428 F. App'x 517, 520 (6th Cir. May 3, 2011); *Phillips v. Sheldon,* 2014 WL 185777 at * 14-15 (N.D. Ohio Jan. 16, 2014).

The Supreme Court has held a defendant is entitled to effective assistance of counsel in his first appeal as a matter of right.  *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).  Thus, the two-part test enunciated in *Strickland* is applicable to claims of ineffective assistance of appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).  An appellant has no constitutional right, however, to have every non-frivolous issue raised on appeal, *Jones v.*

*Barnes*, 463 U.S. 745, 750-54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel, *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "[O]nly when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (internal quotation marks and citations omitted).

### a. Ground Five

In Ground Five, Kolvek argues he received ineffective assistance of appellate counsel when she "failed to assign as error, in Kolvek's direct appeal, that there was insufficient evidence presented at trial to sustain the conviction for an unindicted count of a violation of O.R.C. 2925.04(A) illegal manufacture of drugs." (Doc. No. 1 at 21.)  Kolvek devotes the entirety of his argument in support to arguing the strength of the underlying claim of insufficient evidence[7] and identifying purported deficiencies in the state appellate court's analysis of this ineffective assistance of counsel argument in its order denying his application to reopen. (Doc. No. 1 at 21-22; Doc. No. 12 at 35-42.)

Kolvek raised this claim in his 26(B) Application to the state appellate court and again on appeal to the Supreme Court of Ohio. (Doc. No. 5-1, Ex. 22, 25.)   The state appellate court considered this claim on the merits and rejected it as follows:

> Mr. Kolvek argues that his appellate counsel was ineffective because she did not argue that there was insufficient evidence to convict him of illegal manufacture of drugs as to the Archwood Avenue house. The State presented evidence, however, that methamphetamine was being manufactured at that house. Specifically, there was testimony that one of the steps in the manufacturing process is crushing pseudoephedrine pills, that a pill grinder with pseudoephedrine in it was found at the house, and that Mr. Kolvek was the person doing the manufacturing at the house. Viewed in a light most favorable to the State, this evidence was sufficient for the jury to

---

[7] It is well-established that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

convict Mr. Kolvek of illegal manufacture of drugs. *See State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus; R.C. 2925.04(A).

Mr. Kolvek next argues that there was no evidence that the manufacturing was done in the vicinity of a juvenile. Under Revised Code Section 2925.0l(BB), an offense is committed in the vicinity of a juvenile if it occurs within l00 feet of one, regardless of whether the juvenile views the offense or is aware of the offense. A police officer testified that there were multiple children at the house at the time officers found the pill grinder with pseudoephedrine in it. Thus, there was sufficient evidence to establish that Mr. Kolvek manufactured drugs in the vicinity of a juvenile. Mr. Kolvek, therefore, did not suffer any prejudice from his counsel's failure to assign the sufficiency of the evidence as error.

(Doc. No. 5-1, Ex. 23.)

The Due Process Clause of the Fourteenth Amendment requires that a criminal conviction be supported by proof beyond a reasonable doubt with respect to every fact necessary to constitute the offense charged.  *In re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).  The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses.  *Id.  See also Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).  Moreover, federal courts are required to give deference to factual determinations made in state court and "[a]ny conflicting inferences arising from the record ... should be resolved in favor of the prosecution."  *Heinish v. Tate*, 1993 WL 460782 at *3 (6th Cir. 1993) (citing *Walker*, 703 F.3d at 969–70*.) See also Wright v. West*, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (the deference owed to the trier of fact limits the nature of constitutional sufficiency review.)

Consistent with these principles, the Supreme Court has emphasized that habeas courts must review sufficiency of the evidence claims with "double deference:"

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, 'it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial.  A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.' *Cavazos v. Smith*, 565 U.S. 1, ——, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (*per curiam*).   And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.' "  *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766, ——, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012).  Under this standard, "we cannot rely simply upon our own personal conceptions of what evidentiary showings would be sufficient to convince us of the petitioner's guilt," nor can "[w]e ... inquire whether any rational trier of fact would conclude that petitioner ... is guilty of the offenses with which he is charged."  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  Rather, a habeas court must confine its review to determining whether the state court "was unreasonable in its conclusion that a rational trier of fact could find [petitioner] guilty beyond a reasonable doubt based on the evidence introduced at trial."  *Id.* (emphasis in original) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009)).

Here, the Court finds the state appellate court reasonably determined appellate counsel was not ineffective for failing to challenge the sufficiency of the evidence regarding his conviction of illegal manufacture of drugs.  As noted in the state appellate court opinion, there was testimony that a step in the manufacture of methamphetamine is crushing pseudoephedrine pills, a pill grinder containing pseudoephedrine was found at the Archwood Avenue house, and Kolvek was the one doing the manufacturing.  (Doc. No. 9 at PageID#919, 921, 969, 971, 1020-21, 1026, 1066-67.)  During the investigation, police noticed a strong odor from the garage associated with manufacturing methamphetamine.  (*Id.* at PageID#972-73.)  Inside the garage, police found "[p]retty much every other chemical needed for manufacturing meth," as well as empty boxes of pseudoephedrine, paper folds

containing crushed up pseudoephedrine, and coffee filters containing finished methamphetamine. (*Id.* at PageID#970, 975-78, 981-83.) Inside an Oldsmobile Kolvek had been driving (*id.* at PageID#1108-09), which was parked inside the garage, police found pseudoephedrine, receipts for pseudoephedrine and other materials needed to manufacture methamphetamine, and a letter to Kolvek from his current girlfriend. (*Id.* at PageID#981-82, 984-85.)

In addition, a police officer testified multiple children were at the house when officers found the pill grinder with pseudoephedrine in it. (*Id.* at PageID#967-68, 970.) The state appellate court determined under O.R.C. § 2925.01(BB), "an offense is committed in the vicinity of a juvenile if it occurs within 100 feet of one, regardless of whether the juvenile views the offense or is aware of the offense." (Doc. No. 5-1, Ex. 23.) It is well-established that a state court's interpretation of state law binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005); *Estelle*, 502 U.S. at 67-68.

Furthermore, Kolvek devotes part of his argument to rearguing the issues related to the indictment with respect to Count One. (Doc. No. 1 at 21.) Appellate counsel challenged the sufficiency of the indictment on direct appeal. (Doc. No. 5-1, Ex. 7, 9.)

Under these circumstances, the Court finds appellate counsel was not deficient for making the strategic choice not to raise an insufficiency of evidence argument regarding Ground One on direct appeal. Accordingly, the Court finds the state appellate court reasonably determined appellate counsel was not ineffective for failing to challenge the sufficiency of the evidence supporting Kolvek's conviction for illegal manufacture of drugs. It is therefore recommended Kolvek's fifth ground for relief be denied.

### b. Ground Six

In Ground Six, Kolvek argues he received ineffective assistance of counsel when appellate counsel failed to raise the constructive amendment of his indictment as error in his direct appeal. (Doc. No. 12 at

33

43.)  He asserts the state appellate court did not reach the merits of his claim.  (*Id.* at 43, 49.)  Kolvek

argues, "The case law used to support the constructive amendment issue is independent of case law used

for the duplicity issue.  For instance, a finding of a constructive amendment is completely prejudicial and

reversal is mandatory with no showing of prejudice required by the defendant."  (*Id.* at 43-44.)  Kolvek

asserts "his appellate counsel should have assigned, as error, the fact that the trial court permitted the

constructive amendment to his original indictment, minutes before trial, which violated due process

rights."  (*Id.* at 45.)

Kolvek raised this claim in his 26(B) Application to the state appellate court and again on appeal

to the Supreme Court of Ohio.  (Doc. No. 5-1, Ex. 22, 25.)   The state appellate court rejected Kolvek's

argument on procedural grounds:[8]

> Mr. Kolvek's final argument is that his appellate counsel should have
> argued that his right to due process was violated when the trial court allowed
> the State to amend the indictment in case number 2015-04-106(B).  His
> argument again goes to his belief that the indictment could be read to charge
> offenses occurring at both the Stanley Road house and the Archwood
> Avenue house. Counsel for Mr. Kolvek, however, contested the indictment
> as impermissibly duplicitous in Mr. Kolvek's appellate brief. Mr. Kolvek's
> due process argument is not distinct enough from the ones that appellant
> counsel already made for him to constitute an issue that was not previously
> considered under Rule 26(B)(2)(c).

(Doc. No. 5-1, Ex. 23.)

As the Sixth Circuit has explained:

> [The AEDPA] by its own terms is applicable only to habeas claims that
> were "adjudicated on the merits in State court…." *Id.*  Where, as here, the
> state court did not assess the merits of a claim properly raised in a habeas
> petition, the deference due under AEDPA does not apply.  *Williams v.
> Coyle*, 260 F.3d 684, 706 (6th Cir.2001) (applying pre-AEDPA standards to
> a habeas petition filed pursuant to § 2254 because "no state court reviewed
> the merits of [the] claim").  Instead, this court reviews questions of law and
> mixed questions of law and fact de novo.  *Id.*

---

[8] Respondent does not argue this results in any kind of procedural default; rather, Respondent addressed
these claims on the merits.  (Doc. No. 5 at 37-42.)

*Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).  The standard of review for ineffective assistance of counsel claims where AEDPA does not apply is *de novo* review.  *Id.* at 437 (citing *Wiggins v. Smith*, 539 U.S. 510 (2003)).

First, Kolvek appears to misunderstand that this Court cannot consider the merits of his underlying claim about constructive amendment; the only issue properly before the Court in Ground Six is whether appellate counsel was ineffective in failing to raise the issue on appeal.  It is well-established that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct."  *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

"It has long been held amendments to indictments are considered 'primarily a matter of state law.'"  *Ferrell v. North Cent. Corr. Inst.*, No. 1:12 CV 995, 2014 WL 1891377, at *8 (N.D. Ohio May 12, 2014) (quoting *Watson v. Jago*, 558 F.2d 330, 337 (6th Cir. 1977)).  Therefore, to the extent Kolvek argues any amendment to the indictment violated state law, such argument is not cognizable on federal habeas review.[9]  *Id.*

As the Sixth Circuit explained in *Watson*:

> Under Stirone, the question to be asked in identifying a constructive amendment is whether there has been a modification at trial in the elements of the crime charged. United States v. Somers, supra, 496 F.2d at 744; United States v. DeCavalcante, supra, 440 F.2d at 1272; United States v. Silverman, 430 F.2d 106, 111 (2d Cir. 1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971). Such a modification would result in a constructive amendment. Of course, if a different crime was added to the charges against which the defendant had to meet, there would have been a constructive amendment. United States v. Sir Kue Chin, 534 F.2d 1032, 1036 (2d Cir. 1976); United States v. Holt, 529 F.2d 981 (4th Cir. 1975).

558 F.2d at 334.

---

[9] The Court notes under Ohio Crim. R. 7, "The court may at any time before, during, or after a trial amend the indictment . . . in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

Here, there was no change to any of the elements in the crimes charged, nor were different crimes added to the charges Kolvek had to meet.  To the extent Kolvek argues location was an element of the crimes with which he is charged, he is mistaken.  Rather, the statutes are silent as to location (O.R.C. §§ 2925.04(A), 2925.041(A)), and the indictment alleges only that Kolvek committed his offenses in Summit County.  *See Geboy v. Brigano*, 489 F.3d 752, 763.

Furthermore, the trial court found in overruling the defense's Rule 29 motion:

> I believe that the defense is making more in the nature of a due process argument contending that the defense did not receive adequate notice of what the specific charge was in Count 2 and/or Court 1 of the indictment in the 2015-04 case.

> The Court believes that the defense was on notice of the nature of the charges, if not through the indictment itself, then certainly through a lengthy course of discovery in this case.  The Court somewhat flippantly characterized the State's argument stating that the items had been assembled somehow.  Obviously that's overly broad.  It has to be in Summit County, Ohio according to the indictment, but it could have been anywhere in Summit County, Ohio, because the specific address itself is not a material element of the charge either, so in any event, the Court has overruled the defense's motions with respect to Counts 1 and 2.

(Doc. No. 9 at PageID#1415-16.)  As this district has found before, "[t]he standard for adequate notice is whether the defendant is fairly informed of the charge against which he must defend."  *Lawwill v. Pineda*, No. 1:08 CV 2840, 2011 WL 1882456, at *7 (N.D. Ohio May 17, 2011).  Like Lawwill, through the course of discovery and at trial, he was informed of the precise locations of the alleged conduct.  *Id.* Based on this information, Kolvek "was clearly able to understand the charges that he faced, and was able to identify any defenses he may have had to rebut those charges."  *Id.*

Under these circumstances, the Court finds appellate counsel was not deficient for making the strategic choice not to raise this issue on direct appeal.  It is therefore recommended Kolvek's sixth ground for relief be denied.

### c.  Ground Seven

In Ground Seven, Kolvek argues he received ineffective assistance of counsel when she failed to raise as error that the indictment failed to protect him from double jeopardy as guaranteed by the U.S. Constitution.  (Doc. No. 1 at 25.)[10]  Kolvek states in his Traverse:

> The Ninth District Appellate Court stated in their opinion, dated Dec [sic] 20, 2015 "Mr. Kolvek has not alleged that * * * he is not protected from future prosecutions for the same offense."(Ex.10, page 3 at ¶6. [sic] Petitioner states that this issue was part of his claim in his direct appeal, Assignment of Error I; and is part of Ground One, Section II page 15 of this habeas petition.
>
> The appellate court's statement prompted Kolvek to assign, as error, the double jeopardy claim in his App.Rule [sic] 26(B application.(Ex22) [sic] Petitioner reasoned that if the appellate court assigned this, then it meant that his appellate counsel obviously did not argue his double jeopardy claim completely or properly.

(Doc. No. 12 at 51.)

Kolvek argues both that he was "unable to plead a prior conviction or acquittal to Count 1 of the indictment," and that, with respect to Counts Two and Three, "it is impossible to know which crime(Place, date) Kolvek was found guilty."  (Doc. No. 1 at 26.)  He also asserts he "is not protected from future prosecutions for each count of the indictment."  (Doc. No. 12 at 52.)

Kolvek raised this claim in his 26(B) Application to the state appellate court and again on appeal to the Supreme Court of Ohio.  (Doc. No. 5-1, Ex. 22, 25.)   The state appellate court rejected Kolvek's argument on procedural grounds:[11]

> Mr. Kolvek next argues that his counsel should have argued that the indictment in case number 20l5-04-l206(B) failed to protect him against double jeopardy because it impermissibly referred to two separate crimes. He notes that the drug-manufacturing count also charged two people that he lived with in a house on Stanley Road, implying that the offense occurred

___

[10] Kolvek modified this ground in his Traverse, stating, "Appellate counsel was ineffective in violation of Mr. Kolvek's Sixth Amendment right to effective assistance of counsel when she did not argue that the duplicitous indictment violated his double jeopardy rights."  (Doc. No. 12 at 51.)

[11] *See* n.8, *supra*.

> both at the Stanley Road house and at the Archwood Avenue house, which would be separate offenses. Upon review, we conclude that Mr. Kolvek's argument is nearly identical to the duplicity issue that his appellate counsel raised in Assignment of Error I.  His argument, therefore, does not qualify as one that was "previously * * * not considered" under Appellate Rule 26(B)(2)(c).

(Doc. No. 5-1, Ex. 23.)

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. AMEND. V. "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) (quoting *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)) (internal quotations omitted).  *See also Walters v. Warden, Ross Correctional Inst.*, 521 F. App'x 375, 375 (6th Cir. 2013); *Palmer v. Haviland*, 273 F. App'x 480, 483-84 (6th Cir. 2008).

As Kolvek admits, appellate counsel invoked double jeopardy rights and concerns on direct appeal in challenging the sufficiency of the indictment and arguing the indictment was duplicitous.  (Doc. No. 5-1, Ex. 7, 9.)  However, the application section of this portion of the opening brief focused on the violation of Kolvek's due process rights.  (Doc. No. 5-1, Ex. 7.)  In the reply brief, appellate counsel stated, "Rather, the question before the Court is whether the April 2015 indictment gave Mr. Kolvek adequate notice of the charges against him and an opportunity to present a defense against those charges, so as to protect himself from future prosecutions for the same offense, and to guarantee that the jury unanimously convicts him for the same offense . . . Kolvek's indictment didn't."  (Doc. No. 5-1, Ex. 9) (citations omitted).  But the remainder of the argument focused on Kolvek's lack of notice and the lack of assurance of a unanimous jury verdict.  (*Id.*)

In considering Kolvek's duplicity argument, the state appellate court found in part:

38

> Mr. Kolvek has not alleged that the indictment failed to contain the elements of each offense or that he is not protected from future prosecution for the same offenses. Each count indicated that it occurred with Summit County, satisfying Section 2941.03(D). Accordingly, upon review of the record, we reject Mr. Kolvek's argument that the indictment was defective because it did not indicate that the alleged offenses arose out of the searches of both houses.

*State v. Kolvek*, 2017-Ohio-9137, 2017 WL 6542894, at *2. It is unclear whether the state appellate court overlooked Kolvek's Double Jeopardy component of the duplicity argument or whether the state appellate court determined counsel failed to develop such an argument.

With respect to what appears to be his argument he received multiple punishments for the same crime, Kolvek overlooks that earlier in his Traverse he told this Court that a merger/allied offenses argument is "interwoven" with double jeopardy protection and "the substantial equivalent" of a double jeopardy claim. (Doc. No. 12 at 30.) Appellate counsel made a merger/allied offenses argument on direct appeal. The state appellate court addressed Kolvek's merger/allied offenses argument on the merits (albeit under plain error review) and concluded that "[b]ecause the evidence supports a finding that Mr. Kolvek committed illegal assembly at the Stanley Road house, we cannot say that there is a 'reasonable probability' that his convictions for counts one and two were committed with the same conduct and without a separate animus." *State v. Kolvek*, 2017-Ohio-9137, 2017 WL 6542894, at *4.

With respect to any future prosecution, at this point in time Kolvek "has not been re-charged with any offense, let alone any offense that could arguably be considered to be barred by the Double Jeopardy Clause." *Lawwill*, 2011 WL 1882456, at *7. Furthermore, "the indictment and trial transcripts taken together would limit" any future prosecution against Kolvek in the future, "for allegations matching those made in his previous trial, and occurring during the same time period." *Id.* at *5.

The Sixth Amendment "does not guarantee the right to perfect counsel; it promises only the right to effective assistance . . . ." *Burt v. Titlow*, 571 U.S. 12, 24 (2013). The Court cannot say that counsel's conduct with respect to a Double Jeopardy claim was so below acceptable standards of representation that

39

counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland*, 466 U.S. at 687. Furthermore, for the reasons set forth above, even if counsel's performance was deficient under *Strickland*, Kolvek cannot show that the outcome of his appeal would have been different.

Therefore, it is recommended Ground Seven of the instant Petition be denied.

## VI. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED IN PART AND DENIED IN PART. As the undersigned recommends dismissing in part and denying in part Kolvek's Petition, his request for an evidentiary hearing and further briefing (Doc. No. 12 at 1) is DENIED.

Date: September 4, 2020                     *s/ Jonathan Greenberg*
                                            Jonathan D. Greenberg
                                            United States Magistrate Judge


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**