UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT M. KOLVEK, | : | CASE NO. 5:19-cv-00107 |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 17] |
| v. | : | |
| WARDEN LASHANN EPPINGER, | : | |
| Respondent. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Robert M. Kolvek sought a writ of habeas corpus under 28 U.S.C. § 2254.[1] Last month, the Court adopted Magistrate Judge Greenberg's Report and Recommendation and dismissed in part and denied in part Kolvek's habeas petition.[2]

Now, Petitioner Kolvek asks the Court to reconsider.[3] Kolvek argues the Court erred when it adopted the Report and Recommendation without first granting his motion for an extension of time to file objections and considering his objections.

For the following reasons, the Court **DENIES** Petitioner Kolvek's motion for reconsideration.

I. Background

On January 15, 2019, Kolvek petitioned for a writ of habeas corpus, challenging his Ohio conviction.[4] On September 4, 2020, Magistrate Judge Greenberg filed a Report and

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 17.
[4] Doc. 1.

Case No. 5:19-cv-00107
GWIN, J.

Recommendation, recommending this Court dismiss in part and deny in part Kolvek's petition.[5]

On September 18, 2020, Petitioner Kolvek moved for a 90-day extension of time to file objection.[6] This Court never ruled on the motion for an extension but far beyond 90 days passed and Kolvek never filed any objection.

On June 1, 2021, and almost nine months after Kolvek had asked for 90 additional days, and seeing Kolvek never filed his objections, this Court adopted Magistrate Judge Greenberg's Report and Recommendation and dismissed in part and denied in part Kolvek's habeas petition.[7]

Now, Petitioner Kolvek moves for this Court to reconsider its decision adopting the Report and Recommendation under Federal Rule of Civil Procedure 59(e).

## II. Discussion

Generally, Courts will only reconsider an order when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice."[8]

Petitioner Kolvek argues the Court must reconsider its earlier order to prevent a manifest injustice.[9]

The Court disagrees. The Court reviewed each of Petitioner's objections[10] to the Report and Recommendation and finds them all to be meritless. Even had the Court

---

[5] Doc. 13.
[6] Doc. 14.
[7] Doc. 15.
[8] *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 808 (N.D. Ohio 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).
[9] Doc. 17.
[10] Doc. 16.

considered Petitioner's objections, the outcome would have been the same—the Court would have adopted the Report and Recommendation and dismissed in part and denied in part Kolvek's habeas petition.  Moreover, the Court would not have issued a certificate of appealability.  Because Petitioner's objections would not have altered the Court's opinion, the Court does not need to reconsider its earlier order to prevent a manifest injustice.

Accordingly, the Court denies Petitioner Kolvek's motion for reconsideration.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Kolvek's motion for reconsideration.

IT IS SO ORDERED.

Dated: July 9, 2021  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE